MAES, Chief Justice (dissenting). In imposing a “knowing” requirement for proof of a violation of a restraining order, the majority holds that the general intent instruction is insufficient because it only requires the intention to make a bodily movement that constitutes the act required by the crime. The rationale behind the majority’s addition of a “knowing” requirement to NMSA 1978, Section 40-13-6(D) (2008) is the fear of the possibility that a person could be charged with violating a restraining order by merely being in the same vicinity as a protected party, without knowledge of their presence. I respectfully dissent because the general intent instruction given in this case was sufficient to address the concerns of the majority and the definition of the “knowing” requirement set forth by the majority is unclear and appears to be simply one of awareness. I adopt the jury instructions discussion of the Court of Appeals’ Memorandum Opinion. I offer the following thoughts to supplement my rationale for dissenting. The new standard is now a “knowing” violation which requires proof that the accused knew of (1) the protective order and (2) the protected party’s presence in the same location. The majority states that this “knowing” requirement should not deter the State from enforcing orders of protection through criminal sanctions and gives the following example: “if a restrained party were to claim he did not knowingly violate an order of protection because he believed he was 30 yards away from the protected party instead of 25, that would be a question for the jury to determine^]” This example describes almost exactly what a jury is asked to do using the general intent instruction, which was given in this case. The general intent instruction given pursuant to UJI 14-141 NMRA stated: [T]he state must prove to your satisfaction heyond a reasonable doubt that the defendant acted intentionally when he committed the crime. A person acts intentionally when he purposely does an act which the law declares to be a crime, even though he may not know that his act is unlawful. Whether the defendant acted intentionally may be inferred from all of the surrounding circumstances, such as the manner in which he acts, the means used, and his conduct and any statements made by him. The majority, however, emphasizes the first prong of the general intent instruction, while ignoring the second prong. Although the instruction requires a showing that the defendant made a bodily movement that constituted the act of the crime, such as entering a bar, the second prong of the general intent instruction requires more. A jury must also infer from the surrounding circumstances whether the defendant acted intentionally, meaning that he acted with intent to violate the restraining order. This second sentence accomplishes what the majority attempts to accomplish by adopting a “knowing” requirement. The primary concern of protecting a defendant from frivolous prosecution resulting from the act of entering a location, without knowledge of the victim’s presence, can be sufficiently addressed by providing the jury with a general intent instruction consistent with UJI 14-141, as the court did in this case. After the jury found that all of the elements of the crime existed, it was able to use the testimony presented in court to determine that Defendant intentionally violated the order by staying in the bar after he became aware of Ms. Reed’s presence. In this case, Defendant’s statements and actions made it clear that he was apathetic to Ms. Reed’s presence and intentionally remained at the bar, in violation of the order, to finish his beer. The second prong of the general intent instruction would allow for a jury to come to the opposite conclusion as well. For example, a defendant enters a bar without knowledge of the protected party’s presence. While the defendant is drinking a beer, the protected party calls the police to report a violation of the order. Police arrive and arrest the defendant, although the defendant never had knowledge of the protected party’s presence. The jury would be able to evaluate all of these facts at trial, and when given the general intent instruction could determine whether the defendant intentionally violated the restraining order, or was merely enjoying a beer. Imposing an unclear “knowing” requirement does not supplement the general intent instruction and may cause trial courts to treat it as a mens rea requirement, forcing the state to delve into a defendant’s state of mind. Instead, with the general intent instruction, both parties’ interests remain protected. Moreover, abstaining from imposing a “knowing” requirement into Section 40-13-6(D) would be consistent with the national trend to protect victims from recurring domestic violence. Over the past twenty years, all fifty states have enacted laws intended to rein in domestic violence. David M. Zlotnick, Empowering the Battered Woman: The Use of Criminal Contempt Sanctions to Enforce Civil Protection Orders, 56 Ohio St. L.J. 1153, 1158 (1995). Despite these efforts, police estimate that for each of the more than one million domestic violence crimes reported each year, three more go unreported. Id. In all, there are an estimated 1.8 to 4 million incidents of domestic violence each year. Zlotnick, supra at 1159. Nationwide, half of the states do not impose a “knowing” requirement for a violation of a temporary restraining order.[3] Logically, this makes sense. If the state had to prove knowledge on the part of every defendant for every violation, conviction rates would likely plummet and animosity between defendant and victim would increase, as well as the likelihood of another incident. A recent study involving over 750 women from various jurisdictions nationwide revealed that nearly 60% of women reported violations of protection orders. TK Logan, Ph.D. & Robert Walker, M.S.W., L.C.S.W., Civil Protective Order Effectiveness: Justice or Just a Piece of Paper?, 25 Violence and Victims 332, 333 (2010). The potential effect of imposing a “knowing” requirement to pro ve a violation is, in all likelihood, extremely dangerous considering most of the reported violations occur within the first three months after the issuance of an order. Christopher T. Benitez, M.D., Dale E. McNiel, Ph.D. & Renée L. B inder, M .D.,Do Protection Orders Pro tect?, 38 J. Am. Acad. Psychiatry L. 376, 382 (2010). Additionally, psychological abuse nearly quadruples during the period of a temporary restraining order. Id. In order to protect against re-abuse, our law should not make it more difficult to prosecute violations of protective orders. Eventually, if it becomes clear that it is difficult to punish a defendant for violating a restraining order because of failure to prove intent, victims will become less likely to report violations, the deterrent effect decreases, and the purpose of obtaining a protective order becomes moot. Ultimately, this result conflicts with the overall goal of protecting and supporting the public’s well-being. Accordingly, imposing a “knowing” requirement is contrary to the national trend of protecting victims and deterring domestic violence. It is imperative for future litigants to have a clear understanding of what is required to prove a violation. The general intent instruction sufficiently protects both parties’ interests and therefore I would affirm the Court of Appeals’ holding and adopt the jury instructions discussion regarding the imposition of a knowledge requirement in the attached Memorandum Opinion. PETRA JIMENEZ MAES, Chief Justice State statutes regarding protective orders that do not require a knowing violation: Ala. Code § 13A-6-143 (1975); Alaska Stat. Ann. § 18.66.130(2013); Ariz.Rev. Stat. Ann. § 13-3602 (2013); Conn. Gen. Stat. Ann. § 46b-15 (2013); D.C. Code § 16-1031 (2013); Idaho Code Ann. § 39-6312 (1999); Ind. Code Ann. § 31-15-5-1 (2003); Iowa Code Ann. § 664A.7 (2007); La. Rev. Stat. Ann. §46:2137 (1999); Me. Rev. Stat. tit. 19-A, § 4011 (2011); Md. Code Ann., Fam. Law § 4-508.1 (2011); Mich. Comp. Laws Ann. § 764.15b (2002); Minn. Stat. Ann. § 260C.405 (2008); Mo. Ann. Stat. § 455.085 (2011); N.Y. Fam. Ct. Act § 846-a (2013); N.D. Cent. Code Ann. § 14-07.1-06 (2011); Ohio Rev. Code Ann. § 2919.27(A)(1) (2010); Or. Rev. Stat. Ann. § 107.720(4) (2012); 23 Pa. Cons. Stat. Ann. § 6114 (2006); R.I. Gen. Laws Ann. §12-29-4 (2001); S.C. Code Ann. § 16-25-20 (2008); S.D. Codified Laws § 25-10-13 (2011); VA Code Ann § 16.1-253.2 (2012); Vt. Stat. Ann. tit. 15 § 1108 (2010); Wyo. Stat. Ann. § 35-21-105(c)(2008).